UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXANDER BARHATKOV,

      Plaintiff,

v.                                       Case No: 6:17-cv-2197-Orl-18TBS

CENTERSTATE BANK OF FLORIDA,
N.A.,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      On December 27, 2017, Plaintiff, appearing *pro se,* filed his complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2). I denied the motion without prejudice, as it was not signed, and further found that the complaint failed to state a cause of action (Doc. 3). Plaintiff was given leave to amend his complaint and file a signed application to proceed without prepaying fees or costs (Id.). His amended complaint (Doc. 6) and signed motion for leave to proceed *in forma pauperis* (Doc 7) timely followed. Now, after due consideration, I respectfully recommend that the motion be **DENIED** and that Plaintiff's amended complaint be **dismissed without prejudice but without leave to amend here**.

### I.  Background

      According to the allegations of the amended complaint, Plaintiff is a Florida citizen suing a Florida bank (Doc. 6 at 4) under both diversity and federal question jurisdiction. He alleges that the bank is trying to foreclose on his homestead property and is trying to pursue a deficiency judgment against him after the debt was discharged in bankruptcy. Attached to the amended complaint is a page of what appears to be a foreclosure

complaint (Doc. 6 at 8), an unsigned and undated "Notice of rescission" (Id. at 9), and several pages of what purport to be billing records for Killgore, Pearlman, Stamp, Denius & Squires, P.A., with respect to work performed by the law firm for the bank regarding Plaintiff's bankruptcy proceeding and state court foreclosure action (Id.. at 10-13).

Plaintiff invokes the Court's federal question jurisdiction pursuant to 15 U.S.C. § 1631, which imposes a duty on creditors and lessors to disclose certain information to debtors and lessees as part of consumer credit and lease transactions (Id. at 3). He alleges that the bank "has not provided any disclosures nor right of Recission upon changing the loan documents as per 15 U.S. Code § 1631 - Disclosure requirements." (Id., at 5). Plaintiff asserts that the bank "has provided documents as evidence that are not initialed, acknowledged nor signed by me;" that it has "improperly and illegally served us in court with foreclosure;" "lied to county court that I was served" or was evading service; made "multiple attempts to discredit me, defame me, and conspired together with Department of Justice to black mail me during my 340 meeting Bankruptcy hearing laughing and making multiple inappropriate comments about me personally, my education certifications and accreditation levels, and my career track record." (Id. at 5). Plaintiff claims the bank "is lying that I defaulted on their financial obligation." (Id.). For relief, Plaintiff states:

> Because of the direct actions on behalf of Defendant and continuous malicious attacks Plaintiff is now going through separation and divorce with his wife and a family of 3 children. Plaintiff was charged by Florida State with a Felony 3rd degree and pursued by state of Florida when a normal civil dispute arose between Husband and Wife. Plaintiff has gone to jail and almost died from lack of Prescribed super high dose of Zanax while he was incarcerated. Plaintiff has been prescribed medication and is being treated for multiple mental disorders without any success. Plaintiff lost over $130, 000 Dollars in capital trading because of the emotional stress and

> mental damage caused directly by center state bank. Plaintiff cannot pursue professional practice and has encountered over 10,000.00 in attorneys [sic] fees to defend his Real Estate Broker and Concealed weapon Licensure and title. Plaintiff now has a new Criminal record that prevents him from obtaining Securities Licensure. Plaintiff and plaintiff's wife were threatened by the State of Florida if they did not sign off on the felony charges. Plaintiff lost his credit rating. Plaintiff is suing for 2 million dollars.

(Doc. 6 at 6).

## II.  Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).

Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. Because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a plaintiff's complaint under this standard, the court must accept all well pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon

either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. <u>See</u> 28 U.S.C. § 1331 and § 1332; <u>Alexander v. Sandoval</u>, 532 U.S. 275, 293 n.8 (2001). Plaintiff's amended complaint does not meet this standard.

Although Plaintiff attempts to invoke diversity jurisdiction, he has affirmatively pled a lack of the required diversity of citizenship. The amended complaint does not support a finding of diversity jurisdiction as a matter of law. Although Plaintiff purports to invoke federal question jurisdiction under the Truth in Lending Act ("TILA"), he has failed to set forth facts, as opposed to legal conclusions, sufficient to state a plausible claim. His allegations provide no details as to what disclosures were not provided or when they should have been. And, as recently explained by the Eleventh Circuit:

> The TILA requires creditors to provide consumers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412, 118 S.Ct. 1408, 1410, 140 L.Ed.2d 566 (1998); see also 15 U.S.C. §§ 1631, 1632, 1635, 1638. If a creditor does not make the required disclosures, a borrower may sue for damages or rescission of the loan. <u>See</u> <u>Beach</u> 523 U.S. at 412, 118 S.Ct. at 1410. The TILA contains two separate limitations periods for filing actions. For claims seeking damages, actions must be brought within one year of the purported TILA violation. 15 U.S.C. § 1640(e). For claims seeking rescission of a loan, actions must be brought within three years of the date of closing. <u>Id.</u> § 1635(f); <u>Beach</u>, 523 U.S. at 411-12, 118 S.Ct. at 1409.

<u>Graham v. Wells Fargo Bank, N.A.</u>, No. 16-17615, 2017 WL 4772424, at *1 (11th Cir. Oct. 23, 2017). Plaintiff is not seeking rescission, but is attempting to obtain damages. As such, this action must be brought within one year of the purported violation. Although

Plaintiff provides no details of the loan transaction at issue, he refers to a state court foreclosure action and attaches to his federal complaint a copy of one page of a state court complaint filed against Plaintiff and his wife, "as Trustees of Alexander Spring Cove Family Trust Dated October 28, 2013," in the Circuit Court in and for Seminole County, Florida. The entire Verified Complaint for Foreclosure of Mortgage filed by the Bank against Plaintiff and others in state court is available from the public record.[1]  The sworn allegations of that complaint aver that Plaintiff individually and the Trustees on behalf of the Trust, executed certain loan documents, specifically a Home Equity Credit Agreement and Disclosure and a Mortgage, on February 25, 2016 (Case No. 2017-CA-000999-14H-K, <u>Centerstate Bank of Florida, N.A. v. Alexander Barhatkov and Sukasha Nankoo, et al,</u> Doc. 2, allegation 9). To the extent Plaintiff is attempting to state a TILA claim arising from this transaction on behalf of the trust, he has not established standing to do so and cannot do so on a *pro se* basis. <u>See</u> <u>Warth v. Seldin</u>, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (a plaintiff generally must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties); <u>Callaway v. Hornbake</u>, No. 2:11-CV-85-FTM-99DNF, 2012 WL 333769, at *3 (M.D. Fla. Feb. 1, 2012) (a non-lawyer cannot represent a trust in litigation in federal court).[2]  To the extent Plaintiff's TILA claim is based on insufficient disclosures to him in his personal capacity with respect to these documents, his claim for damages (filed here on December 27, 2017) is untimely. Put simply, Plaintiff fails to provide a short and plain statement of

---

[1] The docket of the state court action can be viewed electronically:
https://courtrecords.seminoleclerk.org/civil/civil_details.aspx?d=npwTk9VaidSKwzMNTBQbnQ%3d%3d
[2] There is no indication that Plaintiff is an attorney with authority to represent the trust in this litigation.

his claim, alleging facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u>.

Plaintiff also complains of the bank's effort to obtain a deficiency judgment against him after the debt was allegedly discharged in bankruptcy. To the extent Plaintiff's claim is one for violation of the discharge, his remedy must be sought in the bankruptcy court that issued the discharge injunction. According to the Eleventh Circuit:

> A debtor who believes that the discharge injunction has been violated may file a contempt action with the bankruptcy court that issued the discharge injunction, not with another court. <u>Alderwoods Grp., Inc. v. Garcia</u>, 682 F.3d 958, 970-71 (11th Cir. 2012); <u>see</u> <u>In re McLean</u>, 794 F.3d at 1319 (citing <u>Walls v. Wells Fargo Bank, N.A.</u>, 276 F.3d 502, 509 (9th Cir. 2002) (holding that there is no private right of action to enforce the discharge injunction)). That is because the court that issued the discharge injunction is "the court that 'alone possesse[s] the power to enforce compliance with' the discharge injunction." <u>In re McLean</u>, 794 F.3d at 1319 (quoting <u>Alderwoods Group, Inc.</u>, 682 F.3d at 970). **"Other courts are without jurisdiction to do so."** <u>Alderwoods Grp., Inc.</u>, 682 F.3d at 971.

<u>Jones v. CitiMortgage, Inc</u>., 666 F. App'x 766, 774-75 (11th Cir. 2016) (emphasis added). This Court is without jurisdiction over this claim.

## III. Recommendation

As there is no viable claim properly before this Court, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction,[3] and that Plaintiff's Motion to proceed *in forma pauperis* be **DENIED AS MOOT**.

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[3] Dismissals for lack of subject matter jurisdiction are without prejudice. <u>Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.</u>, 524 F.3d 1229 (11th Cir. 2008).

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 5, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

     Presiding United States District Judge
     Unrepresented Parties